UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER R. PHILLIPS,

              Plaintiff,

-against-

KIA WILLIAMS; MATTRESS FIRM, INC.,

              Defendants.

25-CV-5027 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    In addition, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

    Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is currently employed and earning $750 per month, and that he supports his daughter, but he fails to answer the questions as to whether he has any other sources of income. (ECF 2 at 1-2.) When prompted to explain how he pays his expenses, Plaintiff wrote, "With my jon" (*Id.* at 2.) Because Plaintiff does not answer all the questions on

the IFP application, the Court is unable to establish that he is unable to pay the fees to file this action.

In addition, the documents Plaintiff submitted to initiate this action (complaint, IFP application, and consent to electronic service) do not bear an original signature.

Plaintiff is directed to resubmit the signature pages of the complaint and consent to electronic service with an original signature, and a signed amended IFP application, to the Court within 30 days of the date of this order. Copies of the requisite documents are attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 17, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge