UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYLER PHILLIPS,

                          Plaintiff,

         -against-                                      25-CV-5027 (LTS)

MATTRESS FIRM; KIA WILLIAMS,                            ORDER OF DISMISSAL

                          Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and 42 U.S.C. § 1981 ("Section 1981"), alleging that his employer discriminated against him based on his race. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its

limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

A.      *Phillips v. Mattress Firm*, No. 23-CV-9134 (LTS) ("*Phillips I*")

On October 17, 2023, Plaintiff filed a complaint against Mattress Firm and its Director of Litigation, Kia Williams, accusing them of committing "white collar crimes" and bribery. *See Phillips v. Mattress Firm*, No. 23-CV-9134 (LTS) (S.D.N.Y.) ("*Phillips I*"), ECF 1 at 2. He used the court's general complaint form and invoked the court's federal question jurisdiction without asserting any specific causes of action. *Id.* The following facts are drawn from the *Phillips I* complaint.[1]

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

Plaintiff, who is Black, worked at the Mattress Firm showroom in Union Square in Manhattan. On February 24, 2022, Plaintiff's manager allegedly fired him based on false allegations that: (1) on a regular basis, Plaintiff violated the dress code; and (2) on President's Day, Plaintiff "caused a scene" and "turned the store upside down." *Id.* at 1-1. Plaintiff claims that Defendant Williams attempted to "bribe" him by offering him a settlement that would have required him to waive his right to pursue any other relief against Defendants. *Id.* The firing and its aftermath negatively impacted Plaintiff's mental health, and he was hospitalized in a psychiatric facility from September 30, 2022, thorough October 7, 2022. *Id.* Attachments to the complaint include unsigned copies of the proposed settlement agreement, correspondence between the parties arising from settlement negotiations, and documents from a mental health facility in New Jersey. *Id.* (ECF 1-16 through ECF 1-11).

By order dated December 5, 2023, the Court directed Plaintiff to file an amended complaint within 60 days. The Court construed the complaint as attempting to assert race discrimination claims under Title VII and Section 1981, but explained that it did not contain facts suggesting that Defendants had discriminated against him based on his race; in other words, Plaintiff had not shown a connection between his firing or any other adverse employment action and his race. ECF 5. The Court warned Plaintiff that failure to file an amended complaint within the time allowed, or to show good cause for such failure, would result in dismissal of the action for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* Plaintiff did not file an amended complaint, or otherwise communicate with the Court, and on February 20, 2024, the Court dismissed the complaint on the merits, and judgment was entered the following day, February 21, 2024. *Id.,* ECF 6, 7.

3

**B.**     **This complaint ("*Phillips II*")**

Approximately a year and a half later, Plaintiff filed this new complaint naming the same defendants, Mattress Firm and Kia Williams, and asserting claims arising out of the same events. In this instance, Plaintiff uses the court's employment discrimination complaint form, checks the boxes indicating that he is bringing race discrimination claims under Title VII and Section 1981, and alleges that Defendants fired him because he is Black. (ECF 1 at 4-5.) Plaintiff further states that his "former manager sat [him] down in the middle of the showroom, and rac[ial]ly profile[d]" him. (*Id.* at 5.) Otherwise, Plaintiff's factual allegations are virtually identical to those set forth in the *Phillips I* complaint. (ECF 1.) Additionally, Plaintiff includes the same attachments regarding the settlements negotiations[2] and Plaintiff's 2022 hospitalization. (ECF 1-2 to 1-18.)

What is new in the *Phillips II* complaint is Plaintiff's argument that the statute of limitations on his Title VII and Section 1981 claims should be equitably tolled.

> Between 2022 and early 2025, I suffered from a diagnosed period of psychosis, which substantially impaired my capacity to manage day-to-day responsibilities, including participation in legal matters. During this time, I was experiencing delusional thinking, emotional instability, cognitive disorganization, and loss of focus—all of which directly impacted my ability to follow court deadlines.
>
> Despite these conditions, I made consistent efforts to pursue justice, including filing complaints, reaching out to administrative bodies (e.g., the Equal Employment Opportunity Commission and SDNY), and seeking legal support. However, my efforts were significantly hindered by my condition.
>
> My original case was dismissed without prejudice.[3]

(ECF 1-1. )

---

[2] It is unclear whether the parties ever reached an agreement. None of the copies Plaintiff provides are signed. However, in an attachment to the *Phillips II* complaint, Plaintiff states that an attorney for Defendants "force[d]" him to sign it. (ECF 1-16.)

[3] *Phillips I* was dismissed with prejudice.

4

New attachments to this complaint show that Plaintiff: (1) received treatment on May 9, 2023, for "major depression"; (2) was hospitalized between May 28, 2024, to June 4, 2024, for "hallucinations, delusions, paranoia," and depression and anxiety; (3) was hospitalized from September 22, 2024, through October 1, 2024, for "major depressive episode, severe, with psychosis"; (4) was hospitalized from March 4, 2025, for symptoms related to a diagnosis of bipolar disorder (insomnia and "talking to himself"); and (5) has been receiving outpatient individual and group therapy and medication management since September 30, 2024. (ECF 1-18.) Plaintiff also provides copies of his bank statements, apparently to show that his financial situation has suffered since Defendants fired him. (*Id.* at 1-17.)

## DISCUSSION

### A.    Employment discrimination claims under Title VII and Section 1981

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Title VII does not provide for claims against individual employees. *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).

Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir.

5

2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)). At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. Section 1981 prohibits racial discrimination in, among other things, all contractual relationships, including the relationships associated with employment contracts. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). Section 1981 allows for individual liability. *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000).

The allegations in this complaint are substantially similar to the allegations that Plaintiff set forth in the *Phillips I* complaint. Plaintiff alleges that he was fired based on false accusations of misconduct, but he does not allege that the firing or other mistreatment he experienced resulted from race discrimination, beyond a conclusory assertion that his manager racially profiled him. As with the complaint in *Phillip I*, the absence of any facts suggesting a connection between Plaintiff's race and his firing in this complaint renders his pleading deficient with respect to any claims Plaintiff may seek to bring under Title VII or Section 1981.[4]

---

[4] Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were, or could have been, raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.,* 898 F.3d 232, 236-37 (2d Cir. 2018)*, rev'd on other grounds,* 590 U.S. 405 (2020)*.* The Court dismissed *Phillips I* on the merits, and the claims asserted in this complaint that took place before judgment entered in *Phillips I* in 2023, are likely barred by claim preclusion. Plaintiff argues that he did

**B.      State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because, notwithstanding Plaintiff's proffer that he is now better able to attend to this litigation,

---

not file an amended complaint in *Phillips I*, and that the limitations period on his claims should be equitably tolled, due to periodic stays in mental health facilities. Tolling is "only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Brown v. Parkchester South Condominiums,* 287 F.3d 58, 80 (2d Cir. 2002); *see Edo v. Antika Pizzeria Astoria, Inc.*, 852 F. App'x 618, 619–20 (2d Cir. 2021) (holding that it was not an abuse of discretion to deny tolling because periodic hospitalization for serious mental illness did not prevent timely filing). In light of Plaintiff's *pro se* status, the Court reviewed the merits of his complaint, notwithstanding these hurdles. Had Plaintiff asserted facts stating a plausible employment discrimination claim, the Court would have addressed his equitable tolling argument. Because the complaint does not state a claim on which relief may be granted, the Court does not need to reach it.

7

he has again failed to allege any fact suggesting that he has a viable cause of action for

employment discrimination, it appears that the defects in Plaintiff's complaint cannot be cured

with an amendment, and the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

For the reasons set forth in this order, the Court dismisses Plaintiff's complaint, filed IFP

under 28 U.S.C. § 1915(a)(1), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   May 22, 2026
        New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge

8